

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-13-2005

# Kong v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2803

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Kong v. Atty Gen USA" (2005). *2005 Decisions.* Paper 854.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/854

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2803
_____

MIN TAT KONG,

Petitioner

v.

ALBERTO R. GONZALEZ,[*]
Attorney General of the United States

_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A79 304 879)
_____

Submitted Under Third Circuit LAR 34.1(a)
June 30, 2005

Before: NYGAARD[**], SMITH and FISHER, *Circuit Judges.*

(Filed: July 13, 2005)
_____

OPINION OF THE COURT
_____

---

[*]Attorney General Alberto R. Gonzales has been substituted for former Attorney General John Ashcroft, the original respondent in this case, pursuant to Fed. R. App. P. 43C).

[**]Honorable Richard L. Nygaard assumed senior status on July 9, 2005.

FISHER, *Circuit Judge*.

Min Tat Kong, a citizen of Indonesia, seeks review of a Board of Immigration Appeals' ("BIA") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT")[1]. Kong asserted that as an ethnic Chinese Christian living in Indonesia, he has suffered persecution based on his ethnicity and religion at the hands of the native Indonesian Muslim population. Kong seeks reversal of the BIA's decision denying his claims. For the reasons that follow, we will deny the petition for review.

Because we write principally for the parties, we set forth only those facts as are necessary to our analysis. Kong arrived in the United States in October of 2000. Though he admitted his removability from the United States under Section 237(a)(1)(B) of the Immigration and Nationality Act (the "Act") for remaining longer than permitted, Kong sought asylum under Section 208(a) of the Act and withholding of removal under Section 241(b)(3) of the Act. The IJ ruled, and the BIA affirmed without opinion, that Kong had not brought forth substantial evidence to qualify him for asylum, withholding of removal, or relief under the CAT. We therefore "review the IJ's opinion and scrutinize its reasoning." *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (*en banc*). The standard for our review is confined to determining whether there is substantial evidence to support the IJ's decision. *Id* at 247. This depends on "whether a reasonable fact finder could

---

[1]Kong has not challenged the denial of his CAT claim.

2

make such a determination based upon the administrative record." *Id* at 249. If they could, substantial evidence exists to support the finding. *Id*. In determining this, the findings "must be upheld unless the evidence not only supports a contrary conclusion, but compels it." *Abdille v. Ashcroft*, 242 F.3d 477, 483-84 (3d Cir. 2001).

Kong first argues that the BIA's affirmance without rendering its own opinion violated his due process rights ensuring proper and fair appellate consideration as established under the Fourteenth Amendment. This argument lacks merit in light of *Dia v. Ashcroft*, 353 F.3d 228 (3d Cir. 2003) (*en banc*), which established that the BIA's issuance of an "Affirmance Without Opinion" does not violate a petitioner's constitutional rights.

Next, Kong argues he proved past persecution and a well-founded fear of future persecution based upon his Chinese ethnicity and Christian religion sufficient to obtain asylum. The Attorney General is authorized by the Act to, in his discretion, grant asylum to a deportable alien who qualifies as a "refugee" within the meaning of Section 1101(a)(42)(A) of the Act. 8 U.S.C. § 1158(b)(1) (2003). Under the Act, Kong had the burden of demonstrating his statutory eligibility for asylum – that he suffered persecution or has a well-founded fear of future persecution due to his ethnic or religious status. 8 C.F.R. § 1208.13(a). Persecution is "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993). "The demonstration of a well-founded fear of

3

persecution carries both a subjective and an objective component." *Abdille v. Ashcroft*, 242 F.3d 477, 495-96 (3d Cir. 2001). Petitioner must show that "he has a subjective fear of persecution that is supported by objective evidence that persecution is a reasonable possibility." *Chang v. INS*, 119 F.3d 1055, 1066 (3d Cir. 1997).

In support of his request for asylum, Kong relied on incidents of his having been robbed or beaten by the Muslim populace to the point that he required medical treatment. He also related that his younger brother, a Chinese Christian who remains in Indonesia, has suffered abuse requiring medical care. But, the IJ found that Kong failed to produce evidence of the medical attention that either he or his brother allegedly required despite that his mother could have obtained such records on one of her trips to Indonesia. The IJ further found that his mother's trips evidenced her lack of fear of returning to Indonesia, thereby undercutting Kong's contention of a fear of future persecution. Kong also presented evidence that ethnic Chinese were targeted during the 1988 Jakarta riots, which the IJ determined was due to economic problems rather than widespread ethnic dissent. Although Kong asserted that he was an active Christian who would face persecution upon his return, he failed to produce any materials evidencing his active involvement in a local Christian church. The IJ ultimately concluded that Kong had not substantiated his claim for asylum.

We hold that substantial evidence supports the IJ's findings that Kong failed to substantiate his claims of persecution. Based upon our review of the record, we find that

4

substantial evidence supports the IJ's denial of asylum. Because an applicant seeking withholding of removal must show a "clear probability" of persecution if forced to return to his home country, a standard more stringent than that for asylum, Kong's withholding of removal claim likewise fails. *Janusiak v. INS*, 947 F.2d 46, 47 (3d Cir. 1991).

We have considered all of the contentions raised by the parties and conclude that no further discussion is required. Accordingly, we will deny Kong's petition for review.